|  UNITED STATES DISTRICT COURT  |
|  DISTRICT OF PUERTO RICO  |

| | |
|---|---|
| WANDA AGOSTO-MENDEZ, et al., | |
| Plaintiffs, | Civil No. 04-1714 (JAF) |
| v. | |
| JOSE IZQUIERDO-ENCARNACION, et al., | |
| Defendants. | |

**O R D E R**

Before the court is Plaintiffs' motion for reconsideration, filed on November 16, 2006. Docket Document No. 121. Plaintiffs urge us to reconsider our November 8, 2006, Opinion and Order in which we dismissed claims brought by seventeen Plaintiffs as untimely, leaving José A. Torres-Cintrón as the only remaining Plaintiff in this litigation. Docket Document No. 110. Defendants opposed Plaintiffs' motion for reconsideration. Docket Document No. 122. In turn, on November 29, 2006, Plaintiffs requested leave to file a sur-reply, request which we deny as moot at this time. Docket Document No. 123.

The facts of this dispute are laid out in our November 8, 2006, Opinion and Order. Id. The seventeen Plaintiffs argue that their claims are not untimely because they were filed within one year of July 15, 2003, when United States District Judge Carmen Cerezo dismissed an earlier litigation of which the seventeen Plaintiffs'

Civil No. 04-1714 (JAF)                                                          -2-

claims had once been a part ("the first litigation"). Docket Document No. 121 (citing to Civ. No. 02-1467, Docket Document No. 35). The seventeen Plaintiffs insist that the statute of limitations remained tolled on their claims through July 15, 2003, when the first litigation was dismissed in its entirety, even though their claims were definitively dismissed from the first litigation on June 13, 2003. Id.

The seventeen Plaintiffs have made this exact same argument before, and our November 8, 2006, Opinion and Order explained in great detail why we do not accept their position. Docket Document No. 110. We believe tolling ceased on Plaintiffs' claims on June 13, 2003, when they were dismissed from the first litigation. Id. The present litigation was not filed until July 14, 2004, well over one year later, in violation of the relevant statute of limitations. Id.

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Standard Química de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)). Plaintiffs have made no showing, nor do we find, that any such circumstance is presented here.

We **DENY** Plaintiffs' motion to reconsider. Docket Document No. 121.

Civil No. 04-1714 (JAF)                                                    -3-

1       **IT IS SO ORDERED.**

2       San Juan, Puerto Rico, this 30th day of November, 2006.

3                                              S/José Antonio Fusté
4                                              JOSE ANTONIO FUSTE
5                                              Chief U. S. District Judge