|  | UNITED STATES DISTRICT COURT |  |
|---|---|---|
|  | DISTRICT OF PUERTO RICO |  |
| WANDA AGOSTO-MENDEZ, et al., |  |  |
| Plaintiffs, | Civil No. 04-1714 (JAF) |  |
| v. |  |  |
| JOSE IZQUIERDO-ENCARNACION, et al., |  |  |
| Defendants. |  |  |

**OPINION AND ORDER**

Before this court is Plaintiffs' request that we reconsider our December 14, 2006, Opinion and Order, in which we dismissed Plaintiff José A. Torres-Cintrón's claim against Defendants alleging violation of his free speech rights under the First Amendment of the United States Constitution. U.S. Const. amend. I; 42 U.S.C. § 1983 (1994 & Supp. 2003); Docket Document Nos. 138, 128.

We explained the dismissal of Plaintiff's first amendment claim by observing that although he had shown that he was an NPP member, and that he was terminated early after the PDP came to power, he had not shown that Defendants knew that he was an NPP member. Docket Document No. 128. Plaintiff had tried to make this showing by entering a sworn affidavit into evidence in which he testified that one of the Defendants told him, in various conversations, that his "contract was not valid," that "there has been a change in the administration to the Popular Party," and that "your employment will

Civil No. 04-1714 (JAF)                                                    -2-

finish soon." Id.  We concluded that this evidence could not establish Defendants' knowledge of his political affiliation, and dismissed the first amendment claim. Id.

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Standard Química de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994). Plaintiff has made no showing, nor do we find, that any such circumstance is presented here.

Plaintiffs' reconsideration motion challenges the dismissal of Torres-Cintrón's first amendment claim.  Torres-Cintrón argues that Defendants did know of his affiliation with the NPP by invoking evidence that he did not present while we were considering the summary judgment motion.  It is not newly-discovered evidence, however.  Rather, it is deposition testimony that Plaintiff himself gave on October 11, 2005, in which he claims that Josefina Rodríguez, a woman who subsequently gave Defendants a tour of the office where he worked, knew of his political affiliation with the NPP. Docket Document No. 138. Rodríguez, in turn, according to Plaintiff, told Defendants that Plaintiff belonged to the NPP during the tour.[1] Id.

---

[1] This is, in fact, a somewhat generous interpretation of what Plaintiff's deposition actually says.  It actually says that

We deny Plaintiff's motion for reconsideration because his October 11, 2005, deposition testimony should have been, and could have been, presented earlier. Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006)("A motion for reconsideration . . . does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the [decision].").

In Emmanuel v. International Brotherhood of Teamsters, Local Union No. 25, to give just one example of this well-established principle, the First Circuit affirmed a district court's refusal to consider new evidence presented by a plaintiff in the context of a reconsideration motion. 426 F.3d 416, 422 (1st Cir. 2005). In that case, the new evidence at issue was basic Internet research that the plaintiff could have done, and presented, earlier. Id. Reconsideration motions do "not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment," the First Circuit concluded, and "a district court does not abuse its discretion by denying a motion for reconsideration grounded on the discovery of

---

Rodríguez used the tour to discuss with Defendants the political affiliation and future employment of those employees affiliated with the NPP. See Exhibit 1, page 2, lines 14-21. Plaintiff never actually says that all of the employees were so outed, however, or that he was among the employees so outed. We will simply assume that he was, however, for it is ultimately irrelevant to our denial of reconsideration.

Civil No. 04-1714 (JAF)                                                    -4-

evidence that, in the exercise of due diligence, could have been presented earlier." Id.

Plaintiff's submission of his October 11, 2005, deposition testimony for the first time in the context of his reconsideration motion suffers the same problem as the late-stage introduction of the Internet research in Emmanuel, viz., it should have come earlier. The fact that Plaintiff had his deposition testimony available for nearly one year when his opposition to Defendants' summary judgment motion was filed on October 3, 2006, makes this all the more obvious. Docket Document No. 102.

In accordance with the foregoing, we **DENY** Plaintiffs' motion for reconsideration of our December 14, 2006, Opinion and Order granting summary judgment in Defendants' favor on Plaintiff Torres-Cintrón's first amendment claim. Docket Document No. 138.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of January, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge